# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00371-CV

---

**J. D. D. and G. M., Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 340TH DISTRICT COURT OF TOM GREEN COUNTY**
**NO. C-18-0019-CPS, THE HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

J.D.D. and G.M. appeal from the trial court's order terminating their parental rights to their children.[1] *See* Tex. Fam. Code § 161.001. Following a de novo hearing, the trial court found by clear and convincing evidence that statutory grounds for terminating their parental rights existed and that termination was in the children's best interest. *See id.* § 161.001(b)(1)(D), (E), (O), (2).

On appeal, appellants' court-appointed attorneys have filed briefs concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—

---

[1] We refer to appellants by their initials only. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8. G. M. is the mother of the three children in this case, and J.D.D. is the father of one of the children. The other two children's father's parental rights also were terminated in the trial court's order, but he has not appealed from the order and is not a party in this appeal.

Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). The briefs meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646–47. Appellants' counsel have certified to this Court that they provided appellants with a copy of the *Anders* briefs and informed them of their right to examine the appellate record and to file a pro se brief. To date, appellants have not filed a pro se brief. The Department of Family and Protective Services has filed responses to the *Anders* briefs, stating that it will not file an appellee's brief unless it deems a brief necessary after the review of any pro se response or this Court requests one.

Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* briefs submitted on appellants' behalf, and have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating appellants' parental rights.[2]

---

[2] To the extent counsel requests to withdraw from their court appointed duties, counsels' obligation to their clients have not yet been discharged. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). If appellants, after consulting with counsel, desire to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.

_____
Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   September 24, 2019